UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * *

Francisco Sosa, pro se,
Petitioner.

v.

Ashbel T. Wall, Director of Rhode Island Department of Corrections,
Respondent.

* * * * * * * * * * * * * * * * *

[redacted] 05 [redacted]a.N[redacted]

March 21, 2005

[redacted] 05 123

MOTION FOR HABEAS CORPUS UNDER 28 USC 2254

1. Name and location of court which entered the judgment of conviction under attack? **Rhode Island Superior Court, 250 Benefit Street, Providence, Rhode Island 02903.**
2. Date of judgment of conviction? **January 16th, 2001.**
3. Lenght of sentence? **Life sentence count 1 and 10 years count 2, concurrent.**
4. Nature of offense involved(all counts)? **Murder 1 and Carry Pistol with out license.**
5. What was your plea? **Not guilty.**
6. Kind of trial? **Jury.**
7. Did you testify at the trial? **Yes. Only at first trial.**
8. Did you appeal from the judgment of conviction? **Yes.**
9. If you did appeal answer the following:
   (a) Name of court: **Rhode Island Supreme Court.**
   (b) Result: **Judgment of conviction affirmed.**
   (c) Date of result: **December 22nd, 2003; see 839 A.2d 519 (R.I. 2003).**

10. Other than a direct appeal, have you previously filed any petitions with respect to this judgment in any court, state or federal? **Yes.**

11. If "yes" give following information:

(a)(1) Name of court: **R.I. Superior Court**

(2) Nature of proceeding: **Post conviction relief.**

(3) Grounds raised: **Ineffective counsel,Jury instructions, Dismiss jury panel,Insufficiency of evidence warranting new trial.**

(4) Did you receive an evidentiary hearing on your petition? **Yes. A Shatney hearing under Rhode Island procedure. See Shatney v. State 755 A.2d 130(RI 2000)**

(5) Result: **To proceed Pro Se after withdrawal of Attorney.**

(6) Date of result: **The month of June 2004.**

(b)If you did not appeal from the adverse action on any petition,explain briefly why you did not: **I was never informed by my lawyer of any time limitations to a notice of appeal from a post conviction. Thereafter,I was lead to believe by associates in this institution that my claims have been adjudicated on direct appeal and barred by Res Judicata.**

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground:

**Ground One: Error in permitting the State to introduce the prior recorded testimony of Antonio Gonzalez.**

Reading Mr.Gonzalez's former testimony to the jury of Mr.Sosas second trial violated Sosa's constitutional right to confront his accuser before a jury of his peers. At first trial,Gonzalez testified that he found the murder weapon in the parking lot of Gonzalez Taxi and then together with the proprietor,called the police.

He also testified that he observed a man in that area with a gun. These are material facts which are central to the state's case against Sosa. This former tesimony was admitted in the second trial despite safeguards incorporated into the Rhode Island Rules of Evidence designed to prevent this from happening. In the first trial,the jury observed this witness,his demeanor along with the content of his testimony.The jury in the second trial was denied the opportunity to make a personal observation of the witness and appraise his demeanor but instead was limited to hearing the cold record of what his previous testimony was. The first trial ended in a hung jury even though Mr. Gonzalez's physical description of the person who came through the Gonzalez bus line parking lot was similar to that of the other three witnesses. There is no question that the state offered the witness against Mr.Sosa. He was offered to tie him to the weapon. Accordingly,the error was exceedingly harmful.

**Ground Two: Error in refusing to instruct jury on the offense of murder in the second degree.**

Facts of case fully supported second degree murder charge, including lond standing troubles between parties,vicious prior attack by decedent,immediate provocative interaction a moment prior to shooting. Also a heinous and vicious assault perpetrated on defendant Sosa just three days prior to shooting hardly acknowledged by the trial court. The Grand Jury indictment charged murder. No specific degree was stated. Sosas efforts to obtain such an instruction were discounted by the court. The trial justice's strong "first degree or nothing at all" sentiments which were expressed at the first trial were renewed. Again the trial justice made reference to arguments made in the first trial.

The only murder instruction presented to the jurors was that of first degree murder. After some deliberation,the jury had questions about lesser degrees of murder. Specifically,through the foreperson,they requested explanations of second degree murder instruction and third degree murder instruction. The trial justice simply recited his prior instruction on first degree murder and refused to instruct the jury on second degree murder,over defense objection. This question is required by law to be submitted to the jury.

**Ground Three: Error in summarily denying the defense motion to dismiss the jury panel due to the systematic exclusion of minorities therefrom.**

The trial justice erred in not passing the case or,in the alternative,in not bringing in a new jury panel or in not holding a hearing once defendant raised the issue that no minorities were present on the jury panel from which his jury was to be drawn. No greater damage could be done to the defendant's opportunity to have a fair trial. The jury ought to have been drawn so as to include people from the cultures and backgrounds of the community so that as they sit in judgment they can have a frame of reference within which to evaluate the witnesses they are hearing from. Prior to the start of trial during the jury selection process,a panel of approximately forty prospective jurors was called,of whom only two were apparently of minority ethnicity. After one of those two minority jurors was excused for cause, defense counsel moved to dismiss the panel,for violation of the Sixth Amendment fair cross-section requirement. After the return of the verdict,at the hearing on the motion for a new trial,the defense again renewed its objection on the basis of a denial of the fair cross-section requirement.

No fair inquiry was undertaken to determine if the panel was constitutionally defective. Thus,the trial justice erred in summarily denying the motion to dismiss,with out affording the defense an opportunity to marshal and present its evidence.

**Ground Four: Trial Court's denial of the motion for a new trial was against the weight and sufficiency of the evidence.**

Clearly the only evidence against Mr. Sosa was the so-called eye witness. These witnesses each were shown to have a bias against the defendant. Mr. Sosa described his problems with the people next door as **constant** and further **that he feared to return home.** He twice solicited police assistance as a result of a knife attack. The evidence shows that for whatever reason the witnesses hated Mr. Sosa with a distinct passion calling out for his death in encouraging the Andino knife attack. Their extreme bias against Sosa was palpable from the pages of the transcript. The testimony given supports that view clearly by its vagueness and self serving nature. For the trial court to have credited their versions out right and ignore the glaring and tell tall inconsistences reveals clera error and is contrary to the weight and sufficiency of the evidence. Here the trial justice abdicated his role as the thirteenth juror and simply allowed the verdict to stand with out critical scrutiny. The cause of justice required more.

**Groung Five: Ineffective Counsel in not notifying Mr. Sosa of a direct appeal from the State Court to the Federal Court, thereby allowing over twelve months to pass.While giving the impression that the appeal process was ongoing.**

Some cases may present special circumstances that make it appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion. One such circumstance is when that process was inadequate to protect a prisoner's rights. Mr. Sosa has been handicapped in asserting rights through his counsel when it is the counsel itself that has been the source of the challenged delay on a direct appeal to the federal court. See letter dated May 6th,2002 by Janice M. Weisfeld, Assistant Public Defender,Appellate Division. She stated her acknowledgment of the transfer of Sosa's case to a private attorney, Mr. George West,Attorney at Law,and giving no indication of a federal appeal process. See also letter dated December 23rd,2003 by Mr. George West,Attorney at Law. After Mr. Sosa's trial appeal decision from the R.I. Supreme Court Mr. Sosa's attorney Mr. West only stated "...your conviction in the Superior Court has been upheld". Mr. Sosa was never informed or given any instructions as to an appeal process to the federal court. Notwithstanding my inabilities to fully understand english because of my ethnic background.

13. If any of the grounds were not presented in any court,state or federal,state briefly what grounds were not and give reasons for not presenting them: **See Ground Five.**

14. Do you have any petition or appeal now pending in any court as to the judgment under attack? **No.**

15. Name and address,if known,of each attorney who represented you in the following stages of the judgment attacked herein:

(a) Preliminary hearing: **David A. Levy,Esq.**
**129 Dorrance Street**
**Providence,RI 02903 (401-273-5600)**

(b) Arraignment and plea: **Mr. Levy.**

(c) At trial: **Mr.Levy (first trial) Mr.Levy (second trial)**

(d) Sentencing: **Mr. David A. Levy**

(e) On appeal: **Janice M. Weisfeld**
**Assistant Public Defender**
**Appellate Division**
**100 North Main Street, 4th Floor**
**Providence, RI 02903 (401-222-1510)**

**George J. West, Esq. (#3052)**
**Attorney at Law**
**One Financial Plaza, Suite 1500**
**Providence, RI 02903-2458 (401-861-9042)**

(f) Post conviction:

**Kenneth C. Vale, Esq (#3277)**
**63 Sockanosset Cross Road, Suite 2b**
**Cranston, RI 02920 (401-463-9445)**

(g) Appeal from adverse ruling in a post conviction:

**No appeal.**

16. Were you sentenced on more than one count of an indictment in the same court at the same time? **Yes.**

17. Do you have any future sentence to serve after you have completed the sentence imposed by the judgment under attack? **No.**

---

Mr. Sosa is asking the court to please allow an **Expansion of the Record** in accordance to Rule 7 of 28 USC 2254. If the need may be.

Wherefore, petitioner prays the court grant petitioner relief to which he may be entitled in this proceeding.

Respectfully Submitted,
Adult Correctional Institution

Francisco Sosa, pro se
Maximum Security
Box 8273
Cranston, R.I. 02920

I declare under penalty of perjury that the foregoing is true and correct.

Sincerely,

Francisco Sosa, pro se
Maximum Security
Box 8273
Cranston, R.I. 02920

**TRAVEL OF CASE**

Indictment No.P1/00-1286 AG,filed in the Providence County Superior Court on April 5th,2000,charged the appellant,Francisco Sosa,with the murder of Hugo Andino,in violation of RIGL 1956 (1994 Reenactment) 11-23-1 (count 1) and with carrying a pistol with no license,in violation of RIGL 1956(1994 Reenactment) 11-7-8 (a)(count 2).

A combined hearing was held,on May 30th,2000,on Mr. Sosa's motion for bail and to suppress identification testimony. An initial trial before Judge Krause J.,held June of 2000,ended in a mistrial when the jury was unable to reach a unanimous verdict. A second trial was had, Krause,J.,again presiding,on October 24th-31st,2000 at the conclusion of which the jury returned verdicts of guilty on both counts. Mr. Sosa's motion for a new trial was heard and denied on November 10th,2000. On January 16th,2001,he was sentenced to the mandatory term of life imprisonment for first degree murder,and to a concurrent ten year sentence for carrying a pistol with out a license. A timely notice of appeal was filed on Mr. Sosa's behalf on the day of sentencing and the appeal was docketed in the Rhode Island Court on May 8th,2001. Participation in the prebriefing process was waived,and the matter was set down for full briefing and oral argument.

On February 28th,2004,Mr. Sosa entered a post conviction,which then,Attorney Mr. Kenneth Vale entered a motion to withdraw alleging no merits to Mr. Sosa's claims. Mr. Sosa believing that the only way to continue his innocence was through the state post conviction process. Mr. Sosa was denied his right to be informed of an appeal to the federal court by then attorney Mr. Kenneth Vale resulting in an ineffective process. Thereby needing Federal Sovereignty at this time to continue Mr. Sosa's direct appeal.

GEORGE J. WEST
ATTORNEY AT LAW

ONE FINANCIAL PLAZA
SUITE 1500
PROVIDENCE, RHODE ISLAND 02903-2458
(401) 861-9042
FAX: (401) 861-0330
INTERNET: GEORGEW180@AOL.COM

*LEGAL MAIL*
*ATTORNEY CLIENT PRIVILEGE*

December 23, 2003

Mr. Francisco Sosa, ID #114293
Adult Correctional Institution
H1 – Cell#71
Maximum Security
PO Box 8273
Cranston, RI 02920

Re: State of Rhode Island
v. Francisco Sosa
C.A. No. 2001-0184

Dear Mr. Sosa:

I am writing to you today to forward to you the opinion of the Supreme Court of the State of Rhode Island in connection with our appeal.

The opinion of the court is such that your conviction in the Superior Court has been upheld.

Respectfully,

George J. West

GJW/hml
Enclosure

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**OFFICE OF THE PUBLIC DEFENDER**
100 North Main Street, 4th Floor
Providence, RI 02903

**General Information**
(401) 222-3492 TTY

May 6, 2002

Mr. Francisco Sosa
P.O. Box 8273
Cranston, R.I. 02920

Dear Mr. Sosa,

I received a call today from George West, who said that he has received a fee to represent you on appeal. Thus, I am withdrawing my appearance on your behalf, and Mr. West is entering his. I am sending Mr. West a copy of the brief that I filed for you, and expect that this will be a very smooth transition for you.

If you have any questions or concerns, please feel free to call collect (222-1510) or write at any time. If not, I wish you good luck with your appeal and in the future.

Sincerely,

Janice M. Weisfeld
Assistant Public Defender
Appellate Division